**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 18, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Kelsey H. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-3176-CDA

Dear Counsel:

On March 9, 2026, Plaintiff Kelsey H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case, ECF 6, and the parties' briefs, ECFs 10, 12, and 13. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on February 14, 2021, alleging a disability onset of February 1, 2021. Tr. 44. Plaintiff's claims were denied initially and on reconsideration. *Id.* On April 3, 2024, an Administrative Law Judge ("ALJ") held a hearing. *Id.* Following the hearing, the ALJ obtained medical interrogatories from two medical experts and held a supplemental hearing on September 19, 2024. *Id.* On September 30, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] prior to October 17, 2023, but became disabled on that date and has continued to be disabled through the date of the decision. Tr. 45. The Appeals Council denied Plaintiff's request for review, *Id.* at 2-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

---

[1] 42 U.S.C. §§ 301 et seq.

The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 1, 2021, the alleged onset date [.]" Tr. 46. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "affective disorders; somatic disorder; posttraumatic stress disorder; anxiety-related disorders; irritable bowel syndrome; polyarthralgia; and psoriasis[.]" Tr. 47. At step three, the ALJ determined that Plaintiff does not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" Tr. 48. The ALJ found Plaintiff to be disabled after October 17, 2023. Tr. 50. Before this date, despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: She could not climb ladders, ropes, and scaffolds, but she could perform other postural movements on an occasional basis. She was limited to frequent fingering, grasping, handling, and reaching. She could not work in environments that would subject her to concentrated exposure to respiratory irritants and extreme temperatures and humidity. She could not work in brightly lit and noisy working conditions, but office (moderate) level noise and lighting were okay. She could not work around hazards such as moving dangerous machinery and unprotected heights. She was limited to simple, routine tasks but could apply commonsense understanding to carry out detailed but uninvolved written or oral instructions and could deal with problems involving a few concrete variables in or from standardized situations consistent with work at SVP level 2. She could not do fast paced tasks such as assembly line jobs involving production quotas, but she could work at a consistent pace throughout the workday but not at a production rate pace where each task must be completed within a strict time deadline. She was limited to occasional interaction with the public, coworkers, and supervisors. She could adapt to and manage a low stress work environment defined as one that required only occasional decision-making and occasional changes in the work setting.

Tr. 50-51. The ALJ determined that Plaintiff was unable to perform past relevant work as a store laborer (DOT[2] # 922.687-058, SVP 2, medium) but, prior to October 17, 2023, could perform

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

other jobs that existed in significant numbers in the national economy. Tr. 65-66. Therefore, the ALJ concluded that Plaintiff was not disabled prior to October 17, 2023. Tr. 67.

## III. LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the scope of my review is constrained to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff raises one argument on appeal: that the ALJ erred by providing to the vocational expert an inadequate hypothetical, thus infecting the RFC determination and rendering the decision unsupported by substantial evidence. ECF 10, at 8. Defendant counters that the ALJ built a logical bridge from the evidence to their RFC determination, such that meaningful review is not frustrated. ECF 12, at 7.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996). In cases that reach step five of the sequential evaluation process, an ALJ must pose hypothetical questions to a vocational expert to determine whether the claimant's RFC precludes them from performing jobs existing in substantial numbers in the national economy. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).

Plaintiff argues that remand is necessary because in the hypothetical to the vocational expert, the ALJ did not define "cannot do fast-paced tasks such as assembly line jobs involving production quotas but can work at a consistent pace throughout the workday but not at a production rate pace where each task must be completed within a strict time deadline." ECF 10, at 8 (citing Tr. 51, Tr. 156). Without a definition, Plaintiff avers, the vocational expert could not have been aware of what the ALJ meant by the above description and therefore could not have possibly assessed whether a person with Plaintiff's limitations could maintain the proposed pace. ECF 10, at 9. Defendant counters that, unlike the cases relied on by Plaintiff where courts found error in failing to specifically define production rate requirement, the ALJ supplemented their finding with

a "direct, narrative reasoning for his conclusions," thus accounting for Plaintiff's moderate limitations in CPP. ECF 12, at 18.

In a different context, the Court has found that the ALJ adequately explained a term used in an RFC where the ALJ explained the meaning of the term to a vocational expert. *See Jackie W. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-3883, 2019 WL 5960642, at *4 (D. Md. Nov. 13, 2019) ("While the ALJ did not include the term 'assembly-line work' in her RFC, her inclusion of the term in the hypothetical provides enough clarity for this Court's review."); *cf. Geneva W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) (remanding to allow the ALJ to clarify the terms "production rate pace or strict production quotas" in the "RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion").

"The RFC determination is an issue ultimately reserved for the ALJ." *Geraldine S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3447, 2019 WL 3935376, at *1 (D. Md. Aug. 20, 2019); *see also Jones v. Saul*, No. 20-0437, 2021 WL 1015821, at *14 (S.D.W. Va. Feb. 23, 2021), *report and recommendation adopted*, No. 20-0437, 2021 WL 1015896 (S.D.W. Va. Mar. 16, 2021) (citing 20 C.F.R. § 404.1546(c) ("to the extent that Claimant contends the ALJ did not adopt an RFC assessment endorsed by his treating physicians . . . , it is also clear that the RFC assessment lies squarely with the ALJ, not with any medical provider/examiner."). An ALJ's RFC determination must be based "on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). Here, the ALJ included an extensive narrative describing Plaintiff's medical history, diagnosis, and subjective symptoms. The ALJ did so for the time before and after October 17, 2023, thus allowing the Court to consider changes in the Plaintiff's ailments and ability to work and accounting for any inconsistencies in the record.

The ALJ properly defined "production rate pace" in this instance. Plaintiff relies in part on *Thomas* for the proposition that remand is warranted where a limitation proposed by the ALJ in his hypothetical is not defined by regulation or the DOT. ECF 11, at 13-14. In *Thomas*, the Fourth Circuit remanded after finding, relevant here, the ALJ's failure to define the terms "production rate or demand pace" frustrated appellate review because "the terms do not seem to be especially common—certainly not common enough for [the court] to know what they mean without elaboration." 916 F.3d at 312. While the phrase "production rate pace" is used in an appendix to the DOT, no definition appears in that source. U.S. Dep't of Labor, *Dictionary of Occupational Titles*, App. C (4th ed. 1991), 1991 WL 688702. Therefore, *Thomas* instructs that the term "production rate pace" requires further explanation. But here, unlike in *Thomas*, the ALJ defined "production rate" in the hypothetical question to the VE, explaining that the "no production rate requirement" meant "assembly line work." Tr. 51. Because the ALJ explained the meaning of "production rate" to the VE, the Court finds that the ALJ adequately explained the term "production rate pace" for the purpose of crafting the RFC. *See Jackie W.*, 2019 WL 5960642, at *4; *cf. Geneva W.*, 2019 WL 3254533, at *3; *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019) (remanding where "the ALJ offered no explanation of her own for what she meant when she used the phrase 'non-production oriented work setting' in assessing" the RFC).

Finding that the ALJ provided a sufficient definition to support the hypothetical and RFC, the Court finds no other error frustrating meaningful review or suggesting the decision lacks the support of substantial evidence. Notably, Plaintiff does not identify any relevant medical records

or testimony that the ALJ failed to consider or that the ALJ failed to resolve any evidentiary contradictions. For those reasons, and the reasons stated above, Plaintiff's argument amounts to a request to reweigh evidence. "This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson*, 434 F.3d at 653). Accordingly, Plaintiff's argument fails to justify remand.

## V. <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 10, is DENIED and Defendant's motion for summary judgment, ECF 12, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge